UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STACY JO FADEL,<br><br>     Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>     Defendant. | Case No. C12-6061-JCC-BAT<br><br>**REPORT AND RECOMMENDATION** |

Stacy Jo Fadel appeals the denial of her Supplemental Security Income application. Ms. Fadel contends by misevaluating Dr. Nichole Seymanski's opinions, the ALJ erroneously found Ms. Fadel retained the residual functional capacity ("RFC") to work. Dkt. 11. As discussed below, the Court recommends **AFFIRMING** the Commissioner's decision and **DISMISSING** the case with prejudice.

## BACKGROUND

The ALJ found[1] at **steps one, two, and three,** Ms. Fadel last worked on August 11, 2010; that affective disorder, substance abuse disorder, and obesity were severe impairments; and that these impairments did not meet the Listings. The ALJ found Ms. Fadel had the **RFC** to

---

[1] The parties agree the ALJ's decision is the Commissioner's final decision.

REPORT AND RECOMMENDATION - 1

1  perform a full range of work at all exertional levels, but was limited to performing simple and
2  some complex tasks, and minimal and superficial interaction with the general public, and
3  occasional interaction with co-workers.  The ALJ found at **steps four and five,** Ms. Fadel could
4  perform past work as a clerk, and other jobs in the national economy and was therefore not
5  disabled.  Tr. 18-30.

## DISCUSSION

Ms. Fadel contends the ALJ misevaluated Nicole Seymanski's Psy.D., opinions.  Dr. Seymanski opined Ms. Fadel was markedly limited in her ability to (1) communicate, understand, or follow directions and (2) tolerate work pressures and expectations.  Dkt. 11 at 3. The ALJ found the former set of limitations were inconsistent with the doctor's opinion Ms. Fadel was capable of performing simple routine tasks and taking instruction from a supervisor, and also inconsistent with Ms. Fadel's daily activities and other medical evidence of record.  Tr. 28.  Ms. Fadel does not challenge these findings.

However, Ms. Fadel challenges the ALJ's failure to specifically explain why she discounted Dr. Symanski's opinion that Ms. Fadel was limited in her ability to tolerate work pressures and expectations.  This failure, however, does not compel remand.  Ms. Fadel's argument rests on the contention the ALJ, without explanation, "silently rejected" this limitation and thus erroneously failed to consider all limitations as required by the Commissioner's own regulations.  *See* SSR 96-8p.  However, although the ALJ did not specifically comment on the limitation, the ALJ correctly evaluated Dr. Symanski's ultimate opinion about Ms. Fadel's ability to perform work activities.

The record shows that after noting Ms. Fadel's limitations, Dr. Seymanski opined in the section of her report entitled:  "MEDICAL SOURCE STATEMENT: Describe what the individual

REPORT AND RECOMMENDATION - 2

is capable of doing despite his/her impairments," that Ms. Fadel "appears capable of performing, routine tasks and taking instruction from a supervisor." Tr. 242. The ALJ gave "great weight" to this opinion. Tr. 28. The doctor made this statement after noting earlier in her report that Ms. Fadel was limited in her ability to tolerate work pressures and expectations. Hence, on its face, Dr. Seymanki's medical source statement sets forth an opinion that Ms. Fadel was capable of performing work activity in spite of her limited tolerance of work pressures and expectations.

If Dr. Seymanski believed, as Ms. Fadel argues, that Ms. Fadel could not perform work activities due to inability to tolerate work pressures and expectations, she would have indicated Ms. Fadel could not work due to this limitation. Instead, the doctor opined Ms. Fadel could perform routine work and follow a supervisor's instructions—an opinion which is inconsistent with the contention Ms. Fadel cannot work due to her limited tolerance of work pressures or expectations.

Ms. Fadel argues the ALJ did not specifically make this finding and thus "the ALJ's rejections of Dr. Seymanski's opinions at AR. 239 do not cover Dr. Seymanski's opinion in question which appears at AR. 242." Dkt. 13 at 3. This argument is not supported by the ALJ's decision. The ALJ did not disregard the limitation but noted it as one of Dr. Seymanski's findings. Tr. 26. Hence this is not a case in which the ALJ mistakenly overlooked a limitation in assessing the claimant's RFC. The ALJ also found, among other things, "Dr. Seymanski's opinion that the claimant is capable of performing simple routine tasks and taking instruction from a supervisor" supported a finding that Ms. Fadel retained the RFC to work. Tr. 28. The ALJ thus focused on the opinion Dr. Seymanski gave in the medical source statement portion of her report in finding Ms. Fadel had the RFC to work. These findings are sufficient to support the ALJ's ultimate conclusion that notwithstanding all of the limitations Dr. Seymanski found, Ms.

Fadel had the RFC to perform work.

Accordingly, the Court finds the opinion Dr. Seymanski gave in the medical source statement portion of her report indicating the Ms. Fadel can perform work activity is substantial evidence supporting the ALJ's finding that Ms. Fadel retained the RFC to perform work activities. Ms. Fadel has not challenged the opinion Dr. Seymanski gave in the medical source statement as incorrect, and the opinion thus is substantial evidence supporting the ALJ's conclusion that Ms. Fadel can perform work.

Substantial evidence after all simply "'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (quoting *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988)). Based on the record here, the Court cannot say it was unreasonable for the ALJ to rely on Dr. Seymanski's opinion that Ms. Fadel could perform routine tasks and take a supervisor's instructions and find Ms. Fadel had the RFC to perform simple and some complex tasks, with minimal and superficial interaction with the general public and occasional interaction with co-workers. *Cf. Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (holding the court may not disturb an ALJ's inferences that flow logically from the evidence and are not "unreasonable").

To be sure, Ms. Fadel disagrees with the ALJ's findings and assessment. But even assuming the evidence were susceptible to more than one rational interpretation, the Court is required to uphold the ALJ's findings. *Tommasetti*, 533 F.3d 1035, 1038 (9th Cir. 2008). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving all other ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court must examine the entire record, but cannot reweigh the evidence or substitute its judgment

REPORT AND RECOMMENDATION - 4

for that of the ALJ.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Additionally, Dr. Seymanski opined Ms. Fadel would be impaired to the degree found on examination for a maximum of 6 to 9 months.  Tr. 243.  The ALJ noted the state agency medical expert who reviewed the medical record and Dr. Seymanski's report agreed and concluded Ms. Fadel "will have a non-severe medically determinable impairment by the 12-month mark."  Tr. 28.  To be disabled, a plaintiff must be unable to work due to a medically determinable impairment which is expected to result in death or last at least 12 months' duration.  20 C.F.R. §§ 404.1505, 416.905.  Dr. Seymanski's opinion about the duration of Ms. Fadel's impairment is thus another ground that supports the ALJ's finding Ms. Fadel was not disabled and had the RFC to perform work activities.

In light of the record as a whole, the Court also concludes even assuming the ALJ erred in not specifically discussing Ms. Fadel's limited ability to tolerate work pressures and expectations, the error was harmless.  As the Ninth Circuit stated in *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012), "even when an agency 'explains its decision with less than ideal clarity,' the Court must uphold it if the agency's path may reasonably be discerned.  *Alaska Dep't of Envtl. Conservation v. EPA*, 540 U.S. 461, 497 (2004) (quoting *Bowman Transp., Inc. v. Arkansas–Best Freight Sys.*, 419 U.S. 281, 286."  Of course it would have been preferable for the ALJ to have specifically commented on the limitation.  But because the Court finds the ALJ's ultimate disability determination was supported by substantial evidence, and the error did not alter the outcome of the case, the error was harmless.  Accordingly the ALJ is affirmed.

## CONCLUSION

For the foregoing reasons, the Court recommends **AFFIRMING** the Commissioner and **DISMISSING** the case with prejudice.  A proposed order accompanies this Report and

REPORT AND RECOMMENDATION - 5

Recommendation.  Objections, if any, to this Report and Recommendation must be filed and served no later than **May 16, 2013.**  If no objections are filed, the matter will be ready for the Court's consideration on **May 17, 2013**.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  Objections and responses shall not exceed twelve pages.  The failure to timely object may affect the right to appeal.

DATED this 2nd day of May, 2013.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6